# Inner City Press

September 10, 2026

Via ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: Lee v. Board of Governors of the Federal Reserve System, No. 26 Civ. 4556 (AT) (RWL) — Response to Defendant's September 10, 2026 Letter

Dear Judge Lehrburger:

I write in response to the Board's September 10, 2026 letter, which asks the Court to reconsider its direction that the Board lodge an unredacted copy of the single document at issue for *in camera* review along with its forthcoming summary judgment motion.

This case is about an eight-page Federal Reserve question letter requested under FOIA since February. Earlier today the Court correctly provided for this document to be part of the Fed's submission due in two weeks. That should be maintained.

The Board's cited authority does not support reconsideration. Every case the Board cites — Wilner, Associated Press v. DOJ, Jabar, Halpern, Donovan, Ferguson, Ligorner, and New York Times v. DOJ — addresses whether a court should decline in camera review after it already has an agency's declaration before it and has found that declaration adequate. None of these cases hold that a court abuses its discretion, or acts improperly, by directing that a small, discrete withholding be lodged for in camera review at the same time the agency files its justifying declaration, rather than waiting to see first whether the declaration alone will suffice. The timing and case-management question presented here is simply different from the sufficiency question the Board's cases resolve.

Courts routinely recognize that the calculus favoring simultaneous or early in camera review is different, and stronger, in exactly the circumstances presented here: a small, discrete production, not a sprawling multi-thousand-page record.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Chinatown Station, Box 130222, New York, NY 10013

"[I]n camera review is particularly appropriate when the documents withheld are brief and limited in number." *Maynard v. C.I.A.*, 986 F.2d 547, 558 (1st Cir. 1993). Accord *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 996 (D.C. Cir. 1998) (in camera inspection "may be particularly appropriate when... the number of withheld documents is relatively small, and when the dispute turns on the contents of the withheld documents, and not the parties' interpretations of those documents," *Quinon v. FBI*, 86 F.3d 1222 (D.C. Cir. 1996)

This case presents precisely that posture: a single eight-page letter, one (total) redaction, one applicant.

The point is illustrated concretely in a recent decision from this Circuit. In *Pickering v. DOJ,* No. 14-330, 2025 WL 368673 (W.D.N.Y. Feb. 3, 2025), the court, faced with a Vaughn index spanning more than 14,000 pages, ultimately found the government's declarations adequate as to all but two withheld pages. Rather than proceed through further rounds of supplemental declarations regarding just those two pages, the court held that "considering... that the number of records in dispute are extremely limited, this Court determines that the most efficient way to resolve the matter is for the... disputed pages to be provided to it for in camera review." Id. at *2.

The same efficiency rationale applies with even greater force here, at the outset of a case already as narrow as this one will ever be: eight pages, from one letter, concerning one applicant's proposed acquisition.

Requiring the parties to proceed through full declaration-based briefing first, with in camera review available only as a fallback if the declaration proves insufficient, does not serve efficiency in a case this narrow — it risks exactly the two-step process Pickering's own procedural history shows can otherwise consume years. Plaintiff respectfully asks that the Court adhere to its original direction.

For context, the NYS Attorney General's and other states' AGs' comments to the Federal Reserve requesting public hearing this application by Enova are online at https://oag.ca.gov/system/files/attachments/press-docs/20260706-enova-application-state-ag-letter.pdf. I am attaching a sample Federal Reserve question letter (to OceanFirst) which it initially withheld in full, then released in full after my / Inner City Press' FOIA request. Here, the entire letter is still withheld. The Court should stick to its order that the unredacted question letter accompany the Fed's summary judgment motion, and should review it in camera, including

comparing to the attached OceanFirst released letter, and another segregated / only partially redacted Fed question-letter also attached.

Respectfully submitted,

/s/

Matthew Russell Lee, Esq.
Inner City Press
SDNY Press Room
500 Pearl Street NYC
Mail: PO Box 130222
NYC NY 10013
718-716-3540
Email matthew.lee@innercitypress.com