UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW RUSSELL LEE,

Plaintiff,

- against -

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

Defendant.

26-CV-4556 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a FOIA case that has been referred to me for general pretrial purposes. (Dkt. 10.) On September 10, 2026, this Court held an initial case management conference with the parties and, in light of there being only a single, eight-page document at issue (the "Document") and the Plaintiff's concern about expediency, discussed with the parties a streamlined briefing procedure for resolving the dispute, including submission of the Document for in camera review. The Court then entered an order on September 10 implementing that procedure. (Dkt. 17.)

At the initial conference, defense counsel voiced her expectation that the undersigned would decide the motion. Specifically, she acknowledged that this case is unlike a typical FOIA case (because it involves a single document) and indicated that the Defendant would like "the opportunity to make a submission to the Court to justify its withholdings on a summary judgment motion … And then you know, to the extent that's insufficient, ***your Honor could always order*** in camera review of the document."[1]

[1] The quoted language comes from the unofficial Teams transcript of the September 10, 2026 conference, attached to this order at pp. 4-5. Defense counsel's statements

Defense counsel also demonstrated that same understanding by (1) complying with the undersigned's September 10 order directing the parties to submit letters addressing the Court's authority to require submission of the Document for in camera review at the same time Defendant filed its letter motion, and (2) complying with the undersigned's order on September 14, 2026 (issued after consideration of the parties' letters), directing that Defendant submit the Document for in camera review at the same time it files its letter motion. (Dkt. 20.)

Upon in camera review of the Document submitted by Defendant, along with consideration of Defendant's letter brief and accompanying declaration (Dkts. 21-22), it was immediately apparent to the Court that Defendant had far exceeded any reasonable redaction of the document based on the FOIA objections asserted. Accordingly, on September 25, 2026, the undersigned issued an order directing Defendant to produce to Plaintiff a revised copy of the Document that redacted "only targeted, specific, discrete confidential information such as addresses, dollar amounts, and the like" (the "Order"). (Dkt. 24.)

On September 29, 2026, Defendant filed a letter requesting that the Court vacate the Order. Defendant set forth two reasons for the request: (1) the parties had not consented to Magistrate Judge jurisdiction for all purposes, and so the undersigned did not have the authority to issue the Order, and (2) a two-week period of "further review and production may substantially narrow or moot the parties' dispute." (Dkt. 25.) That same day, Plaintiff filed a letter opposing the request to vacate, arguing that Defendant

recognize that determining whether in camera review is warranted necessarily is bound up with the decision on summary judgment.

had "fully litigat[ed] the merits of its withholdings in the forum it now says had no power to decide them," and that Defendant reversed course only after the Court ruled against it. (Dkt. 26.) Indeed, the Court has little doubt that Defendant would not have filed a request to vacate had the Court denied Plaintiff's application.

That said, Defendant is correct that its letter motion was filed as one for summary judgment and that the matter has not been referred to a Magistrate Judge for dispositive motions. Nor did the parties file a signed consent to proceed before a Magistrate Judge. Accordingly, notwithstanding defense counsel's statements at the conference, Defendant's compliance with my orders concerning submission of the Document for in camera review, and the clear overbreadth of redactions in the document at issue, the Court is constrained to vacate the Order.

Accordingly, the Order at Dkt. 24 is hereby vacated. Defendant asks that it be allowed until October 13, 2026, to conduct another review of the Document and produce a revised copy to Plaintiff, and that if any dispute remains at that time, Defendant be permitted to then submit a pre-motion letter for summary judgment to Judge Torres. (Dkt. 25.) Defendant is free to conduct whatever re-review and revised production it believes appropriate. In the meantime, either party is free to seek substantive relief from Judge Torres. The Court, however, encourages the parties to reach a resolution obviating the need for further judicial intervention.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2026
New York, New York

Copies transmitted this date to all parties of record.

# 26cv4556 Lee v. Board of Governors of the Federal Reserve System - Initial Pretrial Conference-20260910_093148-Meeting Recording

September 10, 2026, 1:31PM

26m 1s

**Judge Robert W Lehrburger** started transcription

**Tara Schwartz** 0:03
OK.

**Judge Robert W Lehrburger** 0:06
And I'm gonna start the recording.

**Tara Schwartz** 0:10
OK.

**Judge Robert W Lehrburger** 0:22
While we're waiting, I'm just going to blank my screen and if he doesn't appear in a couple minutes, I may ask you to reach out or ask my deputy to reach out.

**Tara Schwartz** 0:32
OK.

**Judge Robert W Lehrburger** 1:16
All right.
Good morning, Mr. Lee. This judge layer burger, can you hear me?

**+17*******40** 1:20
Yes, I can.

**Judge Robert W Lehrburger** 1:21
Out.

**+17*******40** 1:21
Sorry I I signed in on teams but it somehow it I don't.
I don't understand.
I'm staring at it, but I'm not seeing the rest of the participants.

J **Judge Robert W Lehrburger** 1:30
Yeah, sometimes that happens.
I don't know why I can hear you.
I see your token, but I don't see you face to face and I did want to mention that.

**+17*******40** 1:37
OK.

J **Judge Robert W Lehrburger** 1:39
Had I realized that the plaintiff in this case was essentially you and Inner city press, I would have been inclined to have granted the the request to appear in person 'cause. You're usually here in the courthouse.

**+17*******40** 1:50
OK.

J **Judge Robert W Lehrburger** 1:55
And the US Attorney's Office is near here.

**+17*******40** 1:55
I'm actually in the courthouse now, but.

J **Judge Robert W Lehrburger** 1:57
So I realized that this is more cumbersome in ways than actually appearing in person. But I did not realize it until the time and did not realize it until this morning, so apologies on that, that issue here we are. In any event, I understand you guys are gonna try to work things through during the next 30 days, but I just wanted to.

**+17*******40** 2:08

Sure. Here we are.

**Judge Robert W Lehrburger** 2:17

Have the conference to see if there's anything we need to discuss or anything that can help with in regards to smoothing things along.

The the way.

So let me just start with Mr. Lee.

Any any questions from your end or any things you want to discuss.

**+17*******40** 2:33

Sure, sure.

Thanks a lot.

I think what I wanted to to highlight is that that unlike many FOIA cases in this courthouse, this is extremely narrow.

It's not.

I don't think it's not going to be an extended negotiation of, you know, production schedules and how how you know, how many documents they'll review. In essence this this case as as the joint letter should demonstrate as well as the complaint is really about a single eight page.

Question letter from the Federal Reserve.

To an applicant ANOVA, you know consumer finance, high cost, I'd call it lender.

That's trying to buy a bank and normally I'll go in. In any case, it's a it's a closed universe.

We're talking about a single eight page document that's been entirely redacted.

I would actually.

I don't know if you know if you're amenable to this, but I think in camera review of this document is is the is the whole case.

Basically, I mean we can we can brief it and then you can look at it or you can just look at it, I don't.

You have it.

I certainly don't have it.

And I'm not. I'm not sure if the US Attorney's office has it, given that they're representing the Federal Reserve Board.

But I think it in in a way it's a simple case. And so rather than rather than just sort of saying like, OK, we'll send you more papers in 30 days. I wanted to make sure that you understand, I think it's it's it's document 15-1.
Is the are the 8 blacked out pages?
So that that's sort of I think I think it's a, it's often FOIA cases you know go on for a long time and just check in periodically.
With the.
With the judge. But here I think the judge is gonna have to look at at behind the redactions.

J **Judge Robert W Lehrburger** 4:11
OK.
I I appreciate that explanation and and framing of it.
It does certainly sound very narrow and different in kind than the typical. As you said, cases that require lots of documents or lots of review.
So let me ask Miss Schwartz, what's your sense of things in terms of how this should proceed and what you know already that may help smooth things over?

TS **Tara Schwartz** 4:35
Yes, your honor. I I agree with Mr. Lee that this is unlike other FOIA cases and and is extremely narrow. The dispute concerns a single APH document.
I disagree with Mr. Leon.
The point that this should proceed just by your Honor reviewing in camera the the document, the law under FOIA as it's developed.
Provides that.
The garment or the relevant agency, has the opportunity on a summary judgment motion to justify the withholdings or the exemptions under the statute that have been applied, and so the Agency here would like the opportunity to make a submission to the Court.

J **Judge Robert W Lehrburger** 5:14
Uh-huh.

TS **Tara Schwartz** 5:24
To justify the withholdings on a summary judgment motion.

And then you know, to the extent that's insufficient, your Honor could always order.
In camera view of the document.
But the agency is would not consent to just turning the document over for income review without the opportunity to justify the withholdings in the first instance.

J **Judge Robert W Lehrburger** 5:49
No, I understand that there there's a you have the right to to brief it.
I'd want it briefed in some way, be it.
Short and concise or more lengthy, just so that we have the arguments and set out the factors discuss, and I think even Mr.
Lee, in what we were just discussing, he acknowledged that in camera review might appropriately be accompanied by submission.
So I don't think that's going to be an issue, but do you have a sense at this point?
Well, first of all, let me ask Mr. Lee, Mr. Lee and in the denial decision that you received were you given specific reasons what the justifications were for the redactions or the denial.

**+17*******40** 6:30
Basically just a citation to, you know, exemption for there's, you know, eight or sometimes 9 exemptions under FOIA.
So to me, they weren't really applied to the document and I do. With all due respect, I want to I I would anticipate my submission being in a letter form and it might have some attachments because I I, along with being a being a journalist here in the.

J **Judge Robert W Lehrburger** 6:47
Mm-hmm.

**+17*******40** 6:52
Courthouse. I do some.
Some, I guess advocacy and foyer work with the Fed and this this response was notably.
Different.
Then then their their production.
This wasn't just a FOIA request, just to put it in context.
They're they're on a on a challenged bank merger application.

The set has something called its ex parte rules rules against ex parte contact, which they read to mean that their letters to banks and banks responses should be provided to the commenter. In this case it was Inner city press, Fair Finance watch, but I'm the one who brought.
The FOIA request, because I the case also because I did the request.
So what?
I would intend to do and maybe this will be.
Helpful. Just to like, so we all know where we stand is to compare this to even just to the Fed's recent productions in other merger applications where they've produced entire letters or letters unlike this one in which only small parts were redacted.
I it's hard when you look at this, this document that you have 15 one, you'll see that it's the entire page is blacked out. I believe that FOIA requires them to own. You know, there's a segregibility analysis.
This where they have to say like this paragraph works or you know will take out dollar amount.
So we'll take out, but it's it something happened here.
I I don't.
I can't say what it is, but this application has been treated.
This FOIA response was treated very differently than other simultaneous applications, and I think I think I I absolutely welcome the US Attorney's Office putting in a brief, but I do think that it should attach.
The the the document and I don't.
I don't say they should send it to us. They should send it to the court.
And then the court can compare their brief to the document, and I'll either simultaneously or after they put it in, put in a letter attaching.
I won't.
I won't put in, you know, 20, but maybe 5 examples of of which I understand it's just a matter of sort of practice. Like, what justifies the total blacking out.
Excuse me of these 8 pages, whereas in other applications they've given things like you know.
Bank branches that a bank would close.
I attach that to the complaint.
It was a Fifth Third application.
Where that was considered very, you know, information that goes right to the business of the company and hasn't things that haven't happened yet and yet they

released that.
So it's hard for me to understand. I'm sorry.

**Judge Robert W Lehrburger** 9:10
OK, Mr. Lee, I I understand.

**+17*******40** 9:12
I'm gonna stop, OK?

**Judge Robert W Lehrburger** 9:13
No, no.

**+17*******40** 9:13
Thank you.

**Judge Robert W Lehrburger** 9:13
Yeah, I I understand.
And that's absolutely what's going to happen.
Should we?
Should it need to be briefed and the parties can't resolve it?
But right now I'm just trying to figure out a couple things that will help me understand the scope of certain things.
So you said that they did in their denial site, reason #4 or item number 4.
What is that factor or reason?

**+17*******40** 9:36
It's confidential business information and it has.

**Judge Robert W Lehrburger** 9:38
OK.

**+17*******40** 9:39
There's a whole there's a whole, you know, there's cake small behind it and and it's also incited by applicants. And usually the said releases some and withhold others.

J **Judge Robert W Lehrburger** 9:42
Yeah.
Yeah.
Yeah. No, I I realized that.

**+17*******40** 9:48
Here they withheld everything. Yeah, sure.

J **Judge Robert W Lehrburger** 9:49
I just wanted to understand which one we are dealing with.

**+17*******40** 9:53
Absolutely.

J **Judge Robert W Lehrburger** 9:54
And so then I wanted to go back to Miss Schwartz and just find out is there anything you've learned at this point that you can share?
There that indicates whether this is something that's gonna be easily addressed, whether it in a second, there's going to be a second look, whether there has been a second look, whether there was over redaction.
I just understand how much it was a dispute we have at the moment.

TS **Tara Schwartz** 10:19
Your honor.
So when the action came in, there was a second look prior to the Federal Reserve filing an answer. In this case, the agency did a second look and and believed that it was going to stand by the withholdings.

J **Judge Robert W Lehrburger** 10:34
OK.

TS **Tara Schwartz** 10:36
Now that we're at a later stage in the case I'm, I do have an unadapted version of the document and have looked at it myself.

You know, I'm happy to take another look with the agency to see if there's.
Additional information that can be unredacted.
What I understand from the agency about why this letter is distinguishable from some other communications that have been released both in connection with this case and with other acquisitions.
Which Mr. Lee has referenced is that the additional information letter here, sort of.
Excuse me.
Sorry I have a little bit of a call.

**+17*******40** 11:20
Bless you.

**Tara Schwartz** 11:23
It references the way it's phrased, the way the questions in this letter are phrased is entirely by reference to confidential information.
That Innova submitted in connection with its application in prior information requests to the Fed.
And so there's not.
There's nothing really that's segregable because the way.
The letter is framed. It fully sort of incorporate, you know each sentence. I don't make this representation as a full matter of fact, but in essence a lot of the sentences and paragraphs and questions in the letter incorporate confidential information.
That was submitted by the applicant to the Fed.

**Judge Robert W Lehrburger** 12:14
No, I OK, so so this, I just again, I'm not trying to argue the merits here.
I just want to understand the scope of what we're talking about. So as I understand it at the moment there is a live dispute.
The the the agency is saying, hey, we do think this is protected and we think we were right to blank out the pages.
So my my next question then is based on your request to try to work it out over the next 30 days.
Do you think?
There that that holds out a prospect of potentially resolving things Miche Morris.

TS **Tara Schwartz** 12:56
I can go.
I mean, I'm planning on going back to the agency.
I think there's.
A small chance that there's some portion that might be, you know, they might agree to remove the redactions over.
I don't know if even if I could get them to agree to that.
I don't know that it will satisfy Mr. Lee.
So I think it is.

J **Judge Robert W Lehrburger** 13:19
Right, so, so, so ultimately then I'm going to, is there any reason to hold off on briefing for that 30 day period or should we just go directly to that, you'll you'll move, you'll see his rationale and either your you and your client will negotiate a resolution or.
You'll put in an opposition.

TS **Tara Schwartz** 13:42
No, don't.
I'm happy to to enter a briefing schedule.
In short order and and get the motion filed.

J **Judge Robert W Lehrburger** 13:49
OK. And what do you think of the idea of letter briefing, since it seems relatively discreet?

TS **Tara Schwartz** 13:57
That's fine with me, your honor.
I will. The agency will need to submit a declaration.

J **Judge Robert W Lehrburger** 14:03
OK. Yeah.

TS **Tara Schwartz** 14:03

Explaining the administrative history of the case and you know, typically in FOIA cases, we submit declarations explaining the withholdings and the justifications for them.

J **Judge Robert W Lehrburger** 14:06
Sure.
Yes.

TS **Tara Schwartz** 14:15
So a lot of the information will come in.

J **Judge Robert W Lehrburger** 14:15
Yeah, declarations and exhibits are just fine.

TS **Tara Schwartz** 14:19
OK.

J **Judge Robert W Lehrburger** 14:20
OK.
So, Mr. Lee, when do you think you would file your formal request in or provide a letter with your justifications and concerns?

**+17*******40** 14:32
I mean I I could do. I guess I would.
I could.
I could do it as early as Monday.
I don't know what what the sequencing. It's true. If we don't actually see the document.
I'm not sure how much more beyond and the appeal denial, by the way, is I think exhibit D to the complaint and I I looked it up as we were speaking.
I wanna I wanna modify what I said.
They cited exemption 4 and six, which is personal, you know, and usually like medical information, which I don't really see being relevant to a corporate application. But you never know whenever notice.

**Judge Robert W Lehrburger** 14:53
OK.
So are you suggesting that?

**+17*******40** 15:00
So I could do it Monday but you, but I don't know what to be most most useful to you in terms of the the sequencing here, but the the faster the better, yeah.

**Judge Robert W Lehrburger** 15:06
Well, Miss Schwartz, what do you think about?
What do you think about sequencing?

**+17*******40** 15:11
I.
I mean, I guess I almost this is.
I'm sorry.
Thank you for for, for hearing this out.
Just to very quickly put this in context, the the the application at issue here is still pending.
It hasn't been approved. I'll also say, although it doesn't go to FOIA, that it's it's a somewhat controversial application. In fact, the state attorney general has written in against it a number of state attorney generals have.
So I I guess I want to sort of explain that this is not a matter of being nosy, it's a matter of.
You know, people beyond inner city breastfeed finance, watch.
Having concerns about this lender getting into the banking system, that's why we want it.

**Judge Robert W Lehrburger** 15:44
Understood.

**+17*******40** 15:45
I'm happy to on on as early as Monday, put in a a letter with I guess I can, you know, the the usual FOIA case law and maybe 5 attachments of other similar applications,

even by Fintech or high cost lenders where the information has been segregated and you.
Know 2/3 of it released and then I I don't necessarily need to reply whatever they put in they put in as long as they put in the the the unredacted 8 pages.
You know, I think that will be moving the ball forward.

J **Judge Robert W Lehrburger** 16:18
M's Schwartz, do you have any view on sequencing?

TS **Tara Schwartz** 16:22
I mean, I think in the typical FOIA case that the agency moves 1st and the plaintiff opposes.

J **Judge Robert W Lehrburger** 16:26
OK.
When would you be able to submit your filing then?

TS **Tara Schwartz** 16:30
So that would be my pref.
I could submit it in three weeks.

J **Judge Robert W Lehrburger** 16:39
All right. OK. I I do think it makes sense for the agency to be the first to to submit since they need to defend.
Their their their redactions.
Then you'll have a full opportunity to see what their arguments are and to respond, Mr. Lee.
So I'll give them the three weeks to make their filing.
And.
I'll give you 3 weeks to respond.
You're certainly free to file.
As soon as you want to earlier than that, and I would require that any reply be submitted two weeks after after that.
Does that timing hold on?

**+17*******40** 17:22
Can I say one, yeah.

**Judge Robert W Lehrburger** 17:23
Does that timing in sequence present any problem for you?

**+17*******40** 17:24
Sorry.
For me it's the only problem is is is the length of time I hear everything that you're saying.
I just want to emphasize that like this for a request goes back to the beginning of the year like this the you know the the. Yeah, the date of this question letter to to ANOVA was February 2, 2026.
So I don't. I'm very.
I'm very, you know, sensitive and I want to, I understand that like briefing people need time, but it does seem to me in terms.
Of the Federal Reserve.
They've had this since February.
And they've known that not only was administratively appeal, but it was challenged in court in July.
They don't get a lot of foil litigation.
It doesn't it.
I don't know what the what the, what the, what the need for the three weeks is, but I I don't to the degree that it's for the said to get it together. It's not that I'm I'm I'm you know unsympathetic but I want to emphasize to your honor.
That it it that it's it's they've had this since February and and and I think.
The the danger that I see is that with all the the sort of niceties of briefing schedule.
They just haul off and approve the thing and the information my purpose.
I understand this case is not about enjoining or any of that, but the if. If it were the import of this information is significantly higher prior to approval and consummation than after.
Afterwards, it's of historical interest.
Currently it's. That's why they even gave us expedited treatment.
But as it's turned out, expedited treatment has has meant almost nothing.

Because we're now six months later and we don't.
We we're just staring at a black blank page, so I wouldn't. If there's any way you'll consider, you know, with, with all you know, deference to to the US Attorney's Office, making it a little faster, I can commit to turning my thing around in two days and.
I would ask at least if they reply that it'd not be two weeks because it's. This makes it more and more likely that it's not useful.

J **Judge Robert W Lehrburger** 19:13
OK.
I see.

**+17*******40** 19:16
Thank you.

J **Judge Robert W Lehrburger** 19:16
So let me ask Miss Schwartz, can you?
Can you and your client get it done within two weeks please?

TS **Tara Schwartz** 19:23
Yes, your honor.

J **Judge Robert W Lehrburger** 19:24
OK.
So I'll require that that be done within two weeks.
Mr. Lee, you respond as quickly as you want to.
For that I will allow.
The government to reply if they want to within a week of whatever you file.
But I do at the.
The The government should submit a fully unredacted version of the filing with the court not on the public record, but so that I can have ex parte review in camera review.
While it is being briefed, I would ask that the letter briefs be no longer than 5 pages single spaced.
Line spacing, but you can attach exhibits.

I don't have any problem with that and obviously you can submit declarations.
Any questions or objections on any of what I just said, Mr. Lee?

**+17*******40** 20:27
No, that's and thanks for moving it up. And I just hope it seems like it's been delayed a lot.
Maybe it's because of Letitia James.
I don't know, but I'm hoping to get this info whatever information we get or don't get have a determination in some in some way while it's still a live issue.
So I appreciate JC just made.

**Judge Robert W Lehrburger** 20:41
Understood.
Understood, Miss Schwartz.
Any questions or objections from your end on the process?

**Tara Schwartz** 20:49
Your Honor, I I have no objection to the schedule, but I.
I'd ask to be able to brief the issue of whether the government is obligated or should be required to submit an unredacted version of the document.
In the first instance, I understand there's some time sensitivities here.
But I not.
I don't have any case sites off the top of my head, but my experience handling FOI litigation has been that the agency always has the opportunity in the first instance.
To submit a declaration that justifies the withholdings, and only if that declaration is found insufficient, is the agency obligated to.
Submit the underlying documents for in camera review.
So I'd ask if your Honor, I could do this by the end of the day today.
Submit a letter with case citations explaining that.
And ask your honor to to reconsider.
The requirement that the agency submit the unredacted version of the document in the first instance.

**Judge Robert W Lehrburger** 22:06
Mr. Lee, anything you want to comment on in response to that?

**+17*******40** 22:08

I guess what I'd like to comment on is I don't, I don't.

It's it. I don't think the concern could be that that the court is gonna make the document public.

So it sort of seems like this is the whole ball of wax here and it's been waiting eight months.

It's it's a little it doesn't.

I don't know how a meaningful review in your two week brief can be done without seeing what's been blacked out.

And I think it's we've been trying.

I just wanna say as a you know, we've been trying since February.

To get either some of the documents.

Or to get somebody outside the Federal Reserve System to look at it.

So the the I don't.

I don't.

I don't think that's true.

I think that the I think this whole case and I've done some prior FOIA litigation and and the only reason they sometimes don't go in camera is the volume. But here the volume is so short. My hope of today was that we we just agreed that you'd send.

It in with I would. I don't wanna brief it.

Just take a look behind the behind the scenes and and do it so I do.

I I do.

I think that that's I think that the the unredacted version is crucial.

So as soon as possible.

**Judge Robert W Lehrburger** 23:11

OK so.

**+17*******40** 23:11

And I don't think it's unreasonable or out of the keeping of other foil litigation to have it be submitted.

**Judge Robert W Lehrburger** 23:15

So I'm at least going to give the government an opportunity by the end of the day to

submit a letter.
That provides case law to the extent if you can show that it's not permissible for the court to order in camera view initially.
I don't think that it's impermissible for my, just my experience, but I could be wrong.
And so I just at least want to give the government an opportunity.
Tell me what they think or.
Legal reasons why.
Maybe that is not something I can or should require, but that and and Mr. Lee, you can respond to that. You'll see it.
And what's gonna happen is I'm gonna still impose the time frame that we have for the briefing, and then I will separately decide at an earlier point after I review the government's letter and any response from you, I will rule in terms of whether the government.
Government's filing in two weeks must include the unredacted copy at that time.
So we won't hold. It won't hold up things for me, at least to consider and decide that issue.

**+17*******40** 24:25
Yes.
OK.

J **Judge Robert W Lehrburger** 24:28
Oh alright.
Any further questions?
Any further questions from you, Mr. Lee?

**+17*******40** 24:36
No, thank you.
I was if the clock is as you said it, two weeks is running.
I think it's good and I think I I do think that.
You're oh, I did say sorry.
Maybe your next conference that that the that it should be limited to whether you can't in your discretion which you seem to have exercised say let me take a look at the document. So I I encourage you to stick to hold firm and take a look maybe you.

J **Judge Robert W Lehrburger** 24:57
Right.

**+17*******40** 25:03
Know maybe it's gonna be the most, you know, national security thing in the world, but.
I.
I don't so.

J **Judge Robert W Lehrburger** 25:09
OK.
All right.

**+17*******40** 25:10
So thank you.

J **Judge Robert W Lehrburger** 25:10
Well, I I I appreciate what you're you're saying and I understand the relative urgency.
I'll issue a short order encapsulating the process.
We just discussed.
I'll get that out today, Miss Schwartz, if you can get me the letter by the end of day.
Frankly, if you get it to me tomorrow morning, that's fine too.
Really, this is just ultimately gonna be a question of whether I prohibited whether there's really a strong, strong reason why I shouldn't require the.
In camera submission, in the first GO round.
Alright, alright. With that, we are adjourned. Thank you.

**+17*******40** 25:49
Thank you.

TS **Tara Schwartz** 25:49
Thank you, your honor.

J **Judge Robert W Lehrburger** 25:53
Hold on.

◉ **Judge Robert W Lehrburger** stopped transcription