# Inner City Press

October 1, 2026

Via ECF

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: Lee v. Board of Governors of the Federal Reserve System, 26 Civ. 4556 (AT) (RWL) — Letter Motion for Immediate Relief

Dear Judge Torres:

Plaintiff respectfully requests that this Court either enforce Magistrate Judge Lehrburger's September 25, 2026 order (Dkt. 24), or conduct its own prompt review of the eight-page document at issue and rule, rather than allow the Board a further, unsupervised review period before any judicial relief is granted. I sought this document under FOIA in February, was denied (all 8 of the pages entirely redacted), then denied on appeal. What happened after this lawsuit was filed is recounted in Magistrate Judge Lehrburger's order and the transcript he attached.

**Background.** This case concerns a single eight-page letter, dated February 2, 2026, in which the Federal Reserve posed additional-information questions to Enova International, Inc. in connection with its application to acquire Grasshopper Bancorp. Plaintiff requested the letter the same month. The Board withheld it in full. Litigation followed in May. On September 10, Judge Lehrburger held an initial conference and, given that only a single short document was at issue, directed the Board to submit it for in camera review. The Board did on September 24, and on September 25, having reviewed the document, Judge Lehrburger found that the Board "had far exceeded any reasonable redaction" and ordered production of a version redacting only "targeted, specific, discrete confidential information such as addresses, dollar amounts, and the like." (Dkt. 24.)

On September 29, four days after losing, the Board asked Judge Lehrburger to vacate that order, arguing for the first time that the parties had never consented to his authority to decide a dispositive motion. Judge Lehrburger agreed he was "constrained to vacate the Order" on that narrow jurisdictional ground, but did so while expressly reaffirming the merits: "notwithstanding defense counsel's

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Chinatown Station, Box 130222, New York, NY 10013

statements at the conference, Defendant's compliance with my orders concerning submission of the Document for in camera review, and **the clear overbreadth of redactions in the document at issue**, the Court is constrained to vacate the Order." (Dkt. 27 at 3.) He further observed: "**the Court has little doubt that Defendant would not have filed a request to vacate had the Court denied Plaintiff's application.**" (Id. at 2-3.) His October 1 order expressly states that "either party is free to seek substantive relief from Judge Torres." (Id. at 3.)

**The Board's position, if accepted, defeats the purpose of referring FOIA cases to magistrate judges at all.** Courts refer cases like this one to magistrate judges precisely so that disputes can be resolved efficiently, without requiring a district judge to personally manage every discovery and case-management dispute in every case on the docket. That system depends on litigants treating a magistrate judge's rulings as real while the case is pending before them, not as provisional suggestions a losing party may discard once an adverse result arrives.

The Supreme Court confronted this dynamic in *Roell v. Withrow*, 538 U.S. 580, 590 (2003), recognizing that a party who fully litigates before a magistrate judge, including complying with the judge's own orders, should not be permitted to object to that judge's authority only after receiving an unfavorable ruling, since doing so "offers a one-sided form of insurance" against the risk of losing.

The Federal Reserve here did exactly what Roell warns against: it told Judge Lehrburger at the September 10 conference that it expected him to decide the dispute, including through in camera review if its own submission proved "insufficient" (Dkt. 27 at 1-2); it submitted the document; it filed its own merits brief before him; and only once he ruled against it did it discover, for the first time, that he lacked authority to do any of this. If a litigant may fully submit to a magistrate judge's authority, lose, and then unwind the result on a jurisdictional technicality it could have raised at the outset, no FOIA referral to a magistrate judge could ever be relied upon by the party that prevails, and the efficiency a referral is meant to provide would exist only for the party that wins.

**There is no legitimate basis for further delay in any event.** The transcript of the September 10 conference, attached to Judge Lehrburger's order, establishes that defense counsel has already personally reviewed the unredacted document: "Now that we're at a later stage in the case I'm, I do have an unredacted version of the document and have looked at it myself." (Dkt. 27 at 12.) It further establishes that the Board had already conducted an internal "second look" before this litigation reached this stage and "believed that it was going to stand by the withholdings."

(Id.) And it establishes the Board's own stated justification for withholding the entire document, that the letter's questions "incorporate confidential information" submitted by Enova such that "there's nothing really that's segregable" (id. at 11), the exact justification Judge Lehrburger then tested against the actual document and rejected as producing redactions that "far exceeded any reasonable redaction." The document has now been reviewed by the agency internally at least twice, by its own counsel personally, and by a federal magistrate judge who found the result indefensible. There is nothing left for a further, unsupervised agency review to discover that has not already been looked at.

**Timing matters independently.** This request dates to February 2026 — eight months ago. At the September 10 conference, Plaintiff told Judge Lehrburger directly: "the import of this information is significantly higher prior to approval and consummation than after. Afterwards, it's of historical interest." (Id. at 18.) Enova has since withdrawn its application altogether, confirming that concern in a different form: whatever light these eight pages might shed on the Board's own scrutiny of a now-abandoned transaction diminishes further with every week of additional delay. Plaintiff was granted expedited processing of the underlying FOIA request; as Plaintiff observed to Judge Lehrburger, "it's turned out, expedited treatment has meant almost nothing," given that "we're now six months later" and still "staring at a blank page." (Id.) That is now eight months, not six.

As a matter of journalism, this document becomes less newsworthy every day. The Federal Reserve has had months on this.

**Relief requested.** Plaintiff respectfully requests that this Court either (1) adopt Judge Lehrburger's September 25 findings and order, construing them as a Report and Recommendation if necessary to cure the referral defect he identified, and direct the Board to produce the document accordingly; or (2) in the alternative, conduct its own prompt in camera review of the same eight-page document, already reviewed by the agency, by its own counsel, and by the magistrate judge, and rule without affording the Board a further unsupervised review period.

Respectfully submitted,

/s/

Matthew Russell Lee
Inner City Press
matthew.lee@innercitypress.com | 718-716-3540