UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW RUSSELL LEE,<br><br>Plaintiff,<br><br>- against -<br><br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,<br><br>Defendant. | 26-CV-4556 (AT) (RWL)<br><br>**REPORT AND RECOMMENDATION TO HON. ANALISA TORRES: SUMMARY JUDGMENT (DKT. 21)** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On June 1, 2026, Plaintiff, a reporter, filed the instant action challenging the Defendant's blanket redaction of an eight-page letter requesting additional information about an application submitted by Enova International, Inc. for regulatory approval to become a bank holding company by acquiring Grasshopper Bancorp., Inc. and thereby indirectly acquiring Grasshopper Bank, N.A. (the "Letter Request"). (*See* Dkt. 5 (Complaint).) Before the Court is the Defendant Board's letter-briefed motion for summary judgment to uphold the blanket redaction of the Letter Request pursuant to FOIA exemptions 4 ("trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential") and 6 ("personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). *See* 5 U.S.C. §§ 552(b)(4), (6). The motion has been referred to me for report and recommendation. (Dkt. 29.) For the following reasons, the motion should be DENIED in part and GRANTED in part. In the interest of time sensitivity and the unique procedural history of the instant matter (*see* Dkt. 27), the Court issues its recommendation in abbreviated form.

## Legal Standard

A defendant is entitled to summary judgment in a FOIA case when it demonstrates that its search was adequate and that any withheld information falls within an exemption to FOIA. *See Carney v. United States Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). The defendant agency bears the burden to demonstrate that any information it withheld is exempt from disclosure. *See* 5 U.S.C. § 552(a)(4)(B). The agency can satisfy this burden with a declaration "giving reasonably detailed explanations why any withheld documents fall within an exemption." *Carney*, 19 F.3d at 812. The agency's declaration is "accorded a presumption of good faith." *Id*. "Summary judgment is appropriate where the agency declarations describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith. Thus, the agency's justification is sufficient if it appears logical and plausible." *ACLU v. United States Department of Defense*, 901 F.3d 125, 133 (2d Cir. 2018) (cleaned up).

## Discussion

The Court has received and reviewed the Government's letter-motion for summary judgment, the supporting declaration of David G. Caperton (Senior Special Counsel for the Board), and the at-issue Letter Request submitted for in camera review. (*See* Dkt. 21-22.) The Court has also received and reviewed Plaintiff's opposition. (*See* Dkt. 23.)

It is readily apparent from review of the Letter Request that most of it is not information subject to FOIA exemptions 4 and 6. The Letter Request from the Federal Reserve to the applicant requests additional information about the background and

financial disclosures pertaining to proposed executive officers. Although the initial information submitted by the applicant prior to the Letter Request was included in a volume of materials designated as confidential by the applicant, most of the Letter Request contains generic or otherwise non-confidential requests, instructions, and descriptions of what information was already provided or is to be provided. The Caperton Declaration does not support a contrary conclusion, as the confidential information it references is but a small fraction of the entire content of the Letter Request and can readily be addressed by far more targeted redaction.

In particular, the Letter Request does contain a handful of references to personally identifying information such as addresses or to specific dollar amounts related to individual personal finances. That discrete information may properly be redacted. But the current blanket redaction applied to the Letter Request is overbroad. The scale of redactions far exceeds that which is warranted to protect confidential information or the interests of third parties in keeping their identities private. *See Intercept Media Inc. v. National Park Service*, No. 23-CV-10922, 2024 WL 5009310, at *17 (S.D.N.Y. Dec. 6, 2024) (ordering unredaction after in camera review and stating that "[i]t is readily apparent to the Court that the scale of redactions far exceeds that which is warranted"); *New York Times Co. v. United States Department of Justice*, No. 19-CV-1424, 2022 WL 2304173, at *5 (S.D.N.Y. June 27, 2022) (ordering unredaction after in camera review and stating "the Court finds that Defendant has improperly withheld from disclosure certain non-commercial information under the guise of Exemption 4").

## Conclusion

Accordingly, the Federal Reserve's motion should be DENIED in part and GRANTED in part, and the Federal Reserve should be required to promptly produce to Plaintiff a new version of the Letter Request that redacts only targeted, specific, discrete confidential information such as individual names, addresses, dollar amounts, and the like. To the extent not discussed above, the Court has considered the parties' arguments and determined them to be either moot or without merit.

## Objections And Appeal

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable Analisa Torres, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to the District Judge. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Respectfully submitted,



ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 6, 2026
New York, New York

Copies transmitted this date to all parties of record.